**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1601**

_____

THUMBELINA BROWN,

Plaintiff - Appellant,

versus

MCLEOD REGIONAL MEDICAL CENTER OF THE PEE DEE,
INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CA-02-3973-4)

_____

Submitted:  January 3, 2006          Decided:  January 25, 2006

_____

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Chalmers C. Johnson, Charleston, South Carolina, for Appellant.
Charles E. McDonald, III, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
P.C., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thumbelina Brown sues her former employer, McLeod Regional Medical Center of the Pee Dee, Inc. (McLeod), for race discrimination in her employment, in violation of Title VII and section 1981. The district court granted summary judgment to McLeod, and Brown appeals. We affirm for the reasons stated below.

I.

Brown, an African-American woman, began working as a nursing assistant at the McLeod Gynecology and Obstetrics Unit in 1978. She moved to the position of unit secretary in 1998. On or around May 26, 2000, Brown broke her ankle in a car accident and underwent surgery. She requested a leave of absence after her surgery because she was unable to return to work. In response, McLeod requested that Brown's doctor complete a "Medical Certification." McLeod also provided Brown with notice of her Family and Medical Leave Act (FMLA) rights and directed her to contact the McLeod Human Resources Office about short-term disability benefits. On June 12, 2000, Dr. Angus McBryde completed Brown's medical certification, which indicated that Brown could not return to work for at least three months. On July 17 McLeod notified Brown that her request for a medical leave of absence was approved but that the leave did not qualify for FMLA protection. On August 14 Dr. McBryde completed a second medical certification,

2

which indicated that Brown could return to work provided she was not required to stand or walk. Dr. McBryde wrote a note on November 22 indicating that Brown could return to work with three restrictions: she spend no more than ten minutes per hour on her feet, she spend no more than five minutes per hour walking, and she refrain from kneeling, bending, or carrying anything over three to four pounds during the time on her feet. Although Brown was ready to return to work, McLeod determined that Brown could not perform the essential functions of the unit secretary position with these restrictions; thus McLeod did not let her return.

Several months later, in April 2001, Dr. McBryde completed another medical certification, which indicated that Brown could return to work with the restriction of "no standing or walking as part of the job." J.A. 311. McLeod again did not allow Brown to return to work. Soon thereafter, McLeod Work Recovery Manager John Zelenka performed a work site evaluation to determine if Brown could perform the essential functions of the unit secretary position with the restrictions Dr. McBryde placed on her. After talking to Dr. McBryde, interviewing other unit secretaries, and observing a unit secretary perform the job, Zelenka concluded that Brown could not perform the essential job functions. Zelenka also considered whether Brown could perform her job with a motorized scooter, but concluded that the scooter was not a viable

3

solution because it would not fit in all areas pertinent to the job.

McLeod's leave of absence policy provides that employees who remain on leave for twelve months without returning to work are subject to termination. Brown's leave reached twelve months on May 26, 2001. However, McLeod extended Brown's leave so that she could look for another position at McLeod where her restrictions could be accommodated. McLeod asserts that it made several attempts to contact Brown by phone about other job opportunities at McLeod that might meet her restrictions, but that Brown never responded. Brown does not deny this assertion. McLeod terminated Brown's employment on September 1, 2001.

Brown sued McLeod, alleging discrimination on the basis of race, in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. On April 29, 2005, upon the recommendation of the magistrate judge, the district judge entered summary judgment for McLeod. Brown appeals.


II.

Brown argues that the district court erred in using the Title VII burden shifting test, see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), requires mixed-motive analysis, see Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), in all Title VII cases

4

at summary judgment.  We recently rejected this argument in <u>Diamond v. Colonial Life & Accident Insurance Co.</u>, 416 F.3d 310, 317 (4th Cir. 2005).  Regardless of whether Brown alleges that race was a motivating factor or the sole reason for McLeod's actions, McLeod is entitled to summary judgment because Brown has failed to show that there is a genuine issue of material fact as to whether McLeod intentionally discriminated against her on the basis of race.  <u>See id.</u> at 319.

Brown argues that the district court erred in concluding that she had failed to establish a genuine issue of material fact on the fourth element of her prima facie case for race discrimination:  that other similarly situated employees who are not members of the protected class were retained.  <u>See</u> <u>Bryant v. Bell Atlantic Md., Inc.</u>, 288 F.3d 124, 133 (4th Cir. 2002).  Specifically, Brown alleges that the court erred in finding no genuine issue of material fact as to whether Debra Powell, a white employee, was in a situation similar to Brown's.  Although both employees took leaves of absence, they are not similarly situated because Powell was on FMLA leave while Brown was not.  Furthermore, Powell was released to return to work with minor restrictions after less than one month and returned to work without restriction after four months.  Brown, however, was released to work after three months, but only with significant restrictions.  At no point was Brown released to work without restriction.  We therefore conclude

that the district court did not err in determining that there is no genuine issue of material fact as to whether Powell and Brown were similarly situated.  Because Brown cannot establish a prima facie case of discrimination, McLeod is entitled to summary judgment.

III.

For the foregoing reasons, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED